James L. Davidson (*to seek admission pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Kitchen, *on behalf of himself and others similarly situated*, Plaintiff, v. Mercedes-Benz Financial Services USA LLC, Defendant. | No.: <br> Jury Trial Demanded <br> **CLASS ACTION COMPLAINT** |

**Nature of this Action**

1. William Kitchen ("Plaintiff") brings this class action against Mercedes-Benz Financial Services USA LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

3. Upon information and belief, Defendant routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and belief, Defendant routinely used an artificial or prerecorded voice in connection with non-emergency calls it placed to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

7. In particular, the subject telephone calls using artificial or prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received those calls and voice messages in this district.

**Parties**

8. Plaintiff is a natural person who resides in Maricopa County, Arizona.

9. Defendant is a Delaware corporation with its principal address in Farmington Hills, Michigan.

10. Defendant is the American financial arm of a global automobile company.

11. Defendant "provides finance, lease and insurance services for the dealers and customers of Mercedes-Benz cars and vans sold in the United States."[1]

**Factual Allegations**

12. Over the past approximately five months, Defendant has placed, or caused to be placed, a number of calls to telephone number (XXX) XXX-4448.

13. From approximately May 2025 to the present, Plaintiff has been the subscriber and sole and customary user of telephone number (XXX) XXX-4448.

---

[1] *See* https://corp.mbfs.com/about/ (last visited October 6, 2025).

14. From approximately May 2025 to the present, telephone number (XXX) XXX-4448 has been assigned to a cellular telephone service.

15. In connection with calls to telephone number (XXX) XXX-4448, Defendant used, or caused to be used, an artificial or prerecorded voice.

16. Defendant placed, or caused to be placed, its telephone calls, and left or caused to be left, artificial or prerecorded voice messages, to telephone number (XXX) XXX-4448 intending to reach someone other than Plaintiff.

17. On May 30, 2025, at approximately 9:25 a.m., Defendant placed, or caused to be placed, a call to telephone number (XXX)-XXX-4448.

18. Defendant placed, or caused to be placed, its May 30, 2025 call to telephone number (XXX) XXX-4448 from telephone number (800) 984-4455.

19. Telephone number (800) 984-4455 is associated with Defendant.

20. When dialed, telephone number (800) 984-4455 connects to an automated greeting that begins, "Thank you for calling Mercedes-Benz Financial Services . . . ."

21. Defendant placed, or caused to be placed, another call to telephone number (XXX) XXX-4448 on May 30, 2025, this time at approximately 7:02 p.m.

22. Defendant placed, or caused to be placed, its second May 30, 2025 call to telephone number (XXX) XXX-4448 from telephone number (800) 984-4455.

23. Defendant's May 30, 2025 telephone call to telephone number (XXX) XXX-4448 concerned a Mercedes-Benz Financial Services account for someone named Crystal.

24. Over the past five months, Plaintiff has received additional calls from Defendant to his cellular telephone number.

25. Defendant often called, or caused to be called, telephone number (XXX) XXX-4448 several times in the same day.

26. For example, on one particular Monday, Defendant called, or caused to be called, telephone number (XXX) XXX-4448 four times: at approximately 6:03 a.m., 7:29 a.m., 11:02 a.m., and 3:29 p.m.

27. On one particular Wednesday, Defendant called, or caused to be called, telephone number (XXX) XXX-4448 four times: at approximately 6:12 a.m., 9:44 a.m., 12:21 p.m., and 3:19 p.m.

28. On one particular Friday, Defendant called, or caused to be called, telephone number (XXX) XXX-4448 four times: at approximately 6:08 a.m., 7:26 a.m., 12:27 p.m., and 4:13 p.m.

29. On one particular Saturday, Defendant called, or caused to be called, telephone number (XXX) XXX-4448 twice: at approximately 9:22 a.m. and 11:56 a.m.

30. And on another day, Defendant called, or caused to be called, telephone number (XXX) XXX-4448 four times: at approximately 6:01 a.m., 7:27 a.m., 10:42 a.m., and 3:42 p.m.

31. Defendant used, or caused to be used, an artificial or prerecorded voice in connection with at least some of the calls it placed, or caused to be placed, to telephone number (XXX) XXX-4448.

32. The tone and speech pattern of these calls were consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

33. Plaintiff received and listened to the artificial or prerecorded voice Defendant delivered, or caused to be delivered, to his cellular telephone number.

34. Plaintiff is not Crystal.

35. Plaintiff does not know the Crystal Defendant intended to reach.

36. Plaintiff has never spoken with the Crystal Defendant intended to reach.

37. Plaintiff has never given Crystal permission to use his cellular telephone number.

38. Crystal does not have authority to provide consent for others to place calls to Plaintiff's cellular telephone number.

39. Plaintiff spoke with Defendant on more than one occasion to explain that Defendant was calling the wrong telephone number, and to request that Defendant stop calling his cellular telephone number.

40. Plaintiff spoke with Defendant on May 30, 2025 to alert it that it was calling the wrong number, and to request that Defendant cease calling his telephone number.

41. After Defendant's calls continued, Defendant spoke with Defendant again on August 6, 2025 to explain that Defendant had continued to call the wrong number, and to once again request that Defendant stop calling his telephone number.

42. Plaintiff does not have an account with Defendant.

43. Plaintiff has never had an account with Defendant.

44. Upon information and belief, Defendant's records will identify each call it placed, or caused to be placed, to Plaintiff's cellular telephone number.

45. Upon information and belief, Defendant's records will identify each artificial or prerecorded voice message Defendant delivered, or attempted to deliver, to Plaintiff's cellular telephone number.

46. Defendant placed, or caused to be placed, its calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number for non-emergency purposes.

47. Defendant placed, or caused to be placed, its calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number voluntarily.

48. Defendant placed, or caused to be placed, its calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice under its own free will.

49. Defendant had knowledge that it was placing calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number.

50. Defendant intended to use an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number.

51. Plaintiff did not give prior express consent for Defendant to place calls to his cellular telephone number by using an artificial or prerecorded voice.

52. Plaintiff suffered actual harm as a result of Defendant's calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

53. Plaintiff found the artificial or prerecorded voicemail messages to be irritating and invasive.

**Class Action Allegations**

54. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as the representative of the following class:

> All persons throughout the United States (1) to whom Mercedes-Benz Financial Services USA LLC placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Mercedes-Benz Financial Services USA LLC, (3) in connection with which Mercedes-Benz Financial Services USA LLC used, or caused to be used, an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

55. The class is so numerous that joinder of all members is impracticable.

56. The class is defined by reference to objective criteria.

57. In addition, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members themselves.

58. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

59. Plaintiff and members of the class received calls made using an artificial or prerecorded voice, from Defendant, on their cellular telephones, even though they are not accountholders of Defendant.

60. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

61. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class he seeks to represent.

62. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

63. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it

impracticable for the members of the class to individually redress the wrongs done to them.

64. There will be little difficulty in the management of this action as a class action.

65. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

66. Among the issues of law and fact common to the class are:

a. Defendant's alleged violations of the TCPA;
b. Defendant's use of an artificial or prerecorded voice in connection with placing calls to cellular telephone numbers;
c. Defendant's liability for calls to wrong or reassigned cellular telephone numbers;
d. Defendant's practice of calling wrong or reassigned cellular telephone numbers; and
e. the availability of statutory damages.

67. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 67.

69. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making, or causing to be made, calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number, without consent.

70. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without consent, and after Plaintiff informed Defendant that it was calling the wrong person.

71. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

72. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

Dated: October 15, 2025

Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
(*to seek admission pro hac vice*)